**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**BURT LEON SETTS,**

     **Plaintiff,**

**vs.**                                                  **Case No. 4:05cv231-WS/WCS**

**FLORIDA FIRST DISTRICT
COURT OF APPEAL,**

     **Defendant.**

_____/

**O R D E R**

     This cause is before the Court upon referral from the Clerk of Court.  Plaintiff, proceeding *pro se*, submitted a motion for preliminary injunctive relief, doc. 1, and a motion for leave to proceed in forma pauperis, doc. 2.  Ruling on both motions is deferred.

     Plaintiff is incarcerated and, pursuant to the "Prison Litigation Reform Act of 1995" (hereinafter "the Act" or "PLRA"), this court must assess an initial partial filing fee on all inmates who are permitted to proceed *in forma pauperis*.  Under the PLRA, all prisoners will eventually pay the district court's entire $250 filing fee when

bringing a civil action, or filing an appeal, *in forma pauperis*. The Act reads, in

pertinent part, that . . .

> (b)(1) . . . if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial fee of 20 percent of the greater of-
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1) and (2)(1996).

If a prisoner's account statement shows that he cannot pay even the required

initial partial fee, the civil action may nevertheless proceed; however, the total $250

fee will be assessed against, and deducted, from future deposits to Plaintiff's prison

account until the total filing fee is collected regardless of whether or not this case is

ultimately dismissed. Plaintiff is further advised that the obligation to pay the full

amount of the filing fee continues even if Plaintiff is released from prison.

To enable this Court to make the necessary assessment of the initial partial

filing fee, Plaintiff must submit a computer printout for his inmate bank account for

the six (6) month period immediately preceding the filing of the complaint. Thus,

Plaintiff is required to obtain an account statement from the appropriate official of

each prison at which he is, or has been, confined for the six (6) month period prior to the initiation of this complaint.

Plaintiff should be aware that even after the fee or partial fee is paid, the PLRA requires this court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) (as amended by the Act).  Plaintiff should consider the fact that judges who render decisions in a case are entitled to absolute immunity from liability for damages under § 1983. Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  Therefore, it is likely that a case filed against judges for decisions made in ruling on a prior case would be dismissed.

Plaintiff should therefore give careful consideration to the merits of his action.  If any prisoner has had, or has, three actions or appeals dismissed on one of the grounds set out in § 1915(g), he is effectively barred from filing any further suit or appeal without full prepayment of the filing fee.

Finally, should Plaintiff desire to continue with this case, Plaintiff is advised that he must submit a complaint on complaint forms used by this Court.  A motion for preliminary injunction is not an appropriate case initiation pleading.  The Clerk of Court will be directed to provide the complaint form to Plaintiff.  On the other hand, should Plaintiff no longer desire to continue this case, he should expeditiously file a notice of voluntary dismissal under Rule 41(a).

Accordingly, it is

**ORDERED:**

1.  Ruling on Plaintiff's motion to proceed *in forma pauperis*, doc. 2, is

**DEFERRED.**

2.  The Clerk of Court shall forward to Plaintiff another application for leave to proceed *in forma pauperis* for use by state prisoners.

3.  Plaintiff shall have until **August 15, 2005,** to correct the deficiency in his *in forma pauperis* application by either: (1) filing a computer printout of the transactions in his prison account as directed in this order along with a completed application to proceed *in forma pauperis*, or (2) pay the full $250.00 filing fee.

4.  Ruling on Plaintiff's motion for a preliminary injunction, doc. 1, is **DEFERRED**.

5.  The Clerk of Court shall forward to Plaintiff a § 1983 complaint form for use by state prisoners.

6.  Plaintiff shall have until **August 15, 2005**, in which to file a civil rights complaint on forms provided to him by the Clerk of Court, or Plaintiff may file a notice of voluntary dismissal of this action pursuant to Fed.R.Civ.P 41(a) should Plaintiff no longer desire to continue this case.

7.  *Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this Court.*

8.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's completed *in forma pauperis* motion supplemented by his prison bank account statement or no later than August 15, 2005.

**DONE AND ORDERED** on July 13, 2005.

s/    **William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**