# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BURT LEON SETTS,**

    **Plaintiff,**

vs.                                                      **Case No. 4:05cv231-WS/WCS**

**ALLEN, C.J., JUDGE ,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a motion to amend his civil rights complaint, doc. 14. Attached to the motion is the proposed amended complaint. Plaintiff has previously been directed to submit the partial filing fee of $10.34 and given until November 18, 2005, to do so. Doc. 10. As of this date, that fee has not been received.

Nevertheless, Plaintiff's motion to amend his complaint, doc. 14, has been granted in a separate order entered this day, and the Clerk directed to file the attached amended complaint as document 15, titled as Plaintiff's second amended complaint.[1]

---

[1] Plaintiff previously submitted an amended complaint, doc. 7, on September 19, 2005. *See* doc. 10.

All of the Defendants named in the second amended complaint, doc. 15, are judges either at the Florida First District Court of Appeal or in various state circuit courts, mostly in the Second Judicial Circuit.  In this case, Plaintiff challenges rulings made by the various judges in those state cases, most or all of which concern Plaintiff's filing of petitions for writ of habeas corpus and other collateral attacks on his sentence and incarceration.  Plaintiff makes very general and conclusory allegations that he was denied "a full and fair opportunity to litigate" his claims or a "reasonable opportunity to raise his federal claims."  *Id.*  He asserts in this case a denial of his rights under the due process and equal protection clauses because he claims he was denied "a reasonable or full and fair opportunity to raise his federal claims, are [sic] his right to habeas corpus . . . . "  *Id.*  Plaintiff seeks declaratory and injunctive relief.  *Id.*

Plaintiff's amended complaint sufficiently demonstrates that this Court does not have jurisdiction over this action.  The Rooker-Feldman doctrine bars federal district courts from reviewing final decisions of a state court.  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  This doctrine operates as a jurisdictional bar.  In <u>Feldman</u>, the Court reaffirmed the validity of <u>Rooker</u> and reminded federal courts that, "because federal review of state court decisions is entrusted solely to the Supreme Court, they may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment."  <u>Wood v. Orange County</u>, 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied,* 467 U.S. 1210 (1984), *interpreting* <u>Feldman</u>, 263 U.S. at 485-86, 103 S. Ct. at 1316-17.  While the doctrine applies only where the plaintiff had "a reasonable

opportunity to raise his federal claim in state proceedings," *see* Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir.1983)), *quoted in* Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001), Plaintiff does not demonstrate that he lacked such an opportunity by only raising a legal conclusion. Plaintiff has not provided facts showing he did not have an opportunity to raise his claim or why he could not have stated his federal claims in his state court petitions. There is no apparent reason why Plaintiff could not have raised his due process and equal protection claims in the state court, or challenge Plaintiff's allegedly "illegal sentence." Plaintiff's broad and conclusory assertions do not save this case from the jurisdictional bar of RookerFeldman.

In this case, Plaintiff's habeas petitions were decided against him and he may not seek to undermine those various state court proceedings in this civil rights case. If this court were to now grant relief for Plaintiff, it would necessarily invalidate the previous state proceedings. If Plaintiff still contends his state prison sentence is illegal, his possible avenues of relief are to appeal to the United States Supreme Court or seek relief in federal court by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. There are time limits for filing both.

Further, Plaintiff is advised that his claim that there was error or unfairness by the state courts in ruling upon his post conviction proceedings does not entitle him to § 2254 relief, which is available only if his conviction or confinement is unconstitutional. *See* § 2254(a) (application will be entertained only on the ground that the applicant is "in custody" in violation of the Constitution or laws or treaties of the United States). The action of the state court in reviewing his conviction is relevant, however, to determine

whether Petitioner has exhausted or procedurally defaulted his claims, but alleged error in state court proceedings is not an independent ground for relief under § 2254.  Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. ), *cert. denied*, 527 U.S. 1056 (1999) (claim of error or denial of due process in state habeas corpus proceeding did not constitute grounds for federal habeas corpus relief) (citing cases from the Fourth, Fifth, Sixth, Eighth and Ninth Circuits).

In summary, this court lacks jurisdiction to hear Plaintiff's claim under 42 U.S.C. § 1983, and this case should be summarily dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that the Court **ORDER** that Plaintiff's amended complaint, doc. 15, be **DISMISSED** for lack of jurisdiction pursuant to the Rooker-Feldman doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2005.


      s/      William C. Sherrill, Jr.
    **WILLIAM C. SHERRILL, JR.**
    **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.